UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 8:23-cr-63-CEH-AEP

ANTHONY EDWARDS JACKSON,

_________________________________/

**ORDER**

This matter comes before the Court on Defendant's Motion to Suppress Evidence (the "Motion") (Doc. 97), filed on April 6, 2026. In the Motion, Defendant Anthony Edwards Jackson requests that the Court enter an order suppressing statements used against him and any and all evidence obtained in violation of his Fourth Amendment rights. The Government filed a response in opposition. Doc. 101. The Court, having considered the Motion and being fully advised in the premises, will deny the Motion.

**DISCUSSION**

A February 22, 2023, Indictment charged Defendant with knowingly possessing with intent to distribute 400 grams or more of fentanyl, one kilogram or more of heroine, and 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Doc. 21. On August 17, 2023, Defendant entered a guilty plea before Magistrate Judge Porcelli. Doc. 60. The Court adopted the magistrate judge's report and recommendation, and Defendant was adjudged guilty of Count One

of the Indictment. Doc. 63. On March 21, 2024, Defendant was sentenced to 128 months in the custody of the United States Bureau of Prisons with a supervised release term of five years. Doc. 82. Defendant timely appealed the judgment and sentence imposed. Doc. 85. The Court of Appeals for the Eleventh Circuit affirmed this Court's judgment (Doc. 98), and mandate issued on May 11, 2026. Doc. 100.

Now before the Court is Anthony Jackson's *pro se* motion seeking to suppress evidence gathered from 1817 Fish Hatchery Rd., Lakeland, Florida, specifically the "Black Bag" with the 790 grams of Fentanyl and 156 grams of methamphetamine and any statements used against him in his Indictment. Doc. 97 at 5, 9. Defendant argues that the evidence was illegally seized without a search warrant therefore violating his Fourth Amendment rights. Additionally, Defendant requests that the Court conduct an evidentiary hearing to challenge the veracity of the statements made by the confidential informant Curtis Speights.

In response, the Government argues that Defendant's motion is untimely in that a motion to suppress must be filed prior to trial, and that in any event, Defendant waived any suppression challenges with his guilty plea. Doc. 101. For the reasons stated in the Government's response and as set forth below, Defendant's motion is due to be denied.

Pursuant to Fed. R. Crim. P. 12(b)(3)(C), a motion to suppress evidence must be made prior to trial. Here, there was no trial because Defendant pleaded guilty. Doc. 60. Non-jurisdictional pretrial motions must be brought prior to pleading guilty. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). "A guilty plea, since it admits all

the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild,* 803 F.2d 1121, 1124 (11th Cir. 1986)). Defendant filed his Motion on April 6, 2026, over two years after he pleaded guilty to Count One of the Indictment and was adjudged guilty. Doc. 63. Therefore, Defendant's Motion is untimely because it was brought after the guilty plea.

Additionally, Defendant moves this Court to suppress evidence pursuant to the Fourth Amendment. "Standing under the Fourth Amendment is not jurisdictional." *Presley v. United States*, 895 F.3d 1284, 1290 (11th Cir. 2018). Defendant waived his right to raise the non-jurisdictional Fourth Amendment challenge with his guilty plea.

Lastly, Pursuant to Fed. R. Crim. P. 11(a)(2), only a conditional guilty plea would have allowed Defendant to preserve suppression of evidence issues. Not only did Defendant fail to preserve the issues raised in the Motion because he pled guilty, unconditionally, and did not bring the Motion prior to the plea, Defendant also failed to raise the issue when he pursued a direct appeal. *See* Doc. 98.

Accordingly, it is **ORDERED:**

1. Defendant's Motion to Suppress (Doc. 97) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 9, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Anthony Edwards Jackson, *pro se*